Slip Op. 20-157

# UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| FULL MEMBER SUBGROUP OF THE AMERICAN INSTITUTE OF STEEL CONSTRUCTION, LLC, <br><br>    Plaintiff, <br><br> v. <br><br> UNITED STATES, <br><br>    Defendant <br><br> and <br><br> BUILDING SYSTEMS DE MEXICO, S.A. DE C.V. and COREY S.A. DE C.V., <br><br>    Defendant-Intervenors. | Before: **Claire R. Kelly, Judge** <br><br> Court No. 20-00089 |

## OPINION AND ORDER

[ Denying Defendant's motion to dismiss. ]

Dated: November 3, 2020

Alan H. Price, Wiley Rein LLP, of Washington, DC, for plaintiff Full Member Subgroup of the American Institute of Steel Construction, LLC. Also on the brief was Christopher B. Weld, Stephanie M. Bell, and Adam M. Teslik.

In K. Cho, Trial Attorney, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, of Washington, DC, for defendant United States. Also on the briefs were Michael D. Granston, Deputy Assistant Attorney General, Jeanne E. Davidson, Director, and Patricia M. McCarthy, Assistant Director. Of counsel was Brandon J. Custard, Senior Attorney, Office of Chief Counsel for Trade Enforcement & Compliance, U.S. Department of Commerce, of Washington, DC.

Diana D. Quaia, Arent Fox LLP, of Washington, DC, for defendant-intervenor Corey S.A. de C.V. Also on the brief was John M. Gurley and Jessica R. DiPietro.

Matthew R. Nicely, Akin Gump Strauss Hauer & Feld LLP, of Washington, DC, for defendant-intervenor Building Systems de Mexico, S.A. de C.V. Also on the brief was Daniel M. Witkowski.

Kelly, Judge: Defendant moves to dismiss Plaintiff's complaint for lack of subject-matter jurisdiction. See Def.'s Memo. Supp. Mot. to Dismiss for Lack of Subject-Matter Jurisdiction & Opp'n to Mot. to Stay, July 9, 2020, ECF No. 28 ("Def.'s Br."). Defendant and Defendant-Intervenor Corey S.A. de C.V. ("Corey") submit that section 516A(g) of the Tariff Act of 1930, as amended, 19 U.S.C. § 1516a(g) (2018)[1] precludes the Court from exercising jurisdiction over Full Member Subgroup of the American Institute of Steel Construction's ("AISC") challenge to the U.S. Department of Commerce's ("Commerce") final affirmative determination in its less than fair value ("LTFV") investigation of fabricated structural steel ("FSS") from Mexico because Corey timely filed a request for binational panel review of the final determination pursuant to Article 1904 of the North American Free Trade Agreement ("NAFTA"). See Def.'s Br. at 5–13; Def.-Intervenor [Corey's Revised] Resp. Supp. Def.'s Mot. to Dismiss, Aug. 13, 2020, ECF No. 37 ("Corey's Resp. Br."). Defendant-Intervenor Building Systems de Mexico, S.A. de C.V. ("BSM") agrees that the case

---

[1] On July 1, 2020, the United States-Mexico-Canada Agreement ("USMCA") entered into force, replacing the NAFTA. See United States-Mexico-Canada Agreement, Office of the U.S. Trade Representative, https://ustr.gov/trade-agreements/free-trade-agreements/united-states-mexico-canada-agreement (last visited Nov. 1, 2020); see also United States-Mexico-Canada Agreement Implementation Act, Pub. L. No. 116-113, 134 Stat. 11 (2020) ("Implementation Act"). Pursuant to section 432 of the Implementation Act, the USMCA's entry into force does not affect the disposition of this action, which involves a final determination that was published before the relevant amendments to the Tariff Act of 1930 became effective. As such, further citations to the Tariff Act of 1930, as amended, are to the relevant provisions of Title 19 of the U.S. Code, 2018 edition.

should be dismissed, but for different reasons. See Def.-Intervenor [BSM]'s Resp. to Mot. to Dismiss, Aug. 13, 2020, ECF No. 36 ("BSM's Resp. Br."). AISC requests the court to issue its decision in accordance with the pending motion to dismiss in Building Systems de Mexico, S.A. de C.V. v. United States, Ct. No. 20-00069 ("Building Systems"). See Pl.'s Resp. to Mot. to Dismiss, Aug. 13, 2020, ECF No. 34 ("Pl.'s Resp."). For the reasons that follow, Defendant's motion to dismiss is denied.

## BACKGROUND

On February 25, 2019, in response to a petition filed by AISC, a trade association representing domestic producers of FSS, Commerce initiated an antidumping investigation into FSS from Canada, Mexico, and the People's Republic of China. See Certain [FSS] From Canada, Mexico, and the People's Republic of China, 84 Fed. Reg. 7,330 (Dep't Commerce Mar. 4, 2019) (initiation of [LTFV] investigations). Commerce selected Defendant-Intervenors BSM and Corey as mandatory respondents. See Compl. ¶¶ 3–4, May 13, 2020, ECF No. 9. Commerce affirmatively determined that imports of certain FSS from Mexico into the United States were being, or were likely to be, sold at LTFV, and its investigation yielded weighted-average dumping margins of 8.47 and 0.00 percent for BSM and Corey, respectively. See Certain [FSS] from Mexico, 85 Fed. Reg. 5,390, 5,392 (Dep't Commerce Jan. 30, 2020) (final determination of sales at [LTFV]) ("Final Results") and accompanying Issues and Decision Memo. for [Final Results], A-201-850, (Jan. 23, 2020), ECF No. 25-6 ("Final Decision Memo").

On February 19, 2020, BSM filed a notice of intent to seek judicial review of Commerce's final determination. See Compl. ¶ 4, March 30, 2020, ECF No. 6 (from Dkt. Ct. No. 20-00069) ("Building Systems Compl."). On February 28, 2020, the United States Section of the NAFTA Secretariat received a request for binational review of Commerce's final determination filed on behalf of Defendant-Intervenor Corey. See [NAFTA], Article 1904 Binational Panel Review, 85 Fed. Reg. 14,462 (Dep't Commerce Mar. 12, 2020) (notice of request for panel review; USA-MEX-2020-1904-01) ("NAFTA Req.").[2]

Plaintiff AISC commenced this action pursuant to 28 U.S.C. § 1581(c) (2018) and 19 U.S.C. § 1516a(a)(2)(A)(i)(I), (B)(i), contesting portions of Commerce's final affirmative determination. See Summons, Apr. 17, 2020, ECF No. 1; Compl. ¶ 5. In its complaint, AISC asserts that the court lacks jurisdiction over this action because of the request for review before a NAFTA binational panel. See Compl. at ¶¶ 2–5. Nonetheless, Plaintiff explains that it commences this action in light of arguments raised in a related case, Building Systems, Ct. No. 20-00069. Id. at ¶¶ 4-5. Specifically, the plaintiff in Building Systems, Ct. No. 20-00069 asserts that this Court has jurisdiction over an action involving the same Commerce determination despite the fact that an interested party requested review of that determination before a NAFTA binational panel. See Pl's Resp. Opp'n to Mot. to Dismiss, Aug. 13,

---

[2] On March 20, 2020, the U.S. International Trade Commission published its final negative determination in its contemporaneous investigation into whether imports of FSS cause (or represent a threat of) material injury to the domestic industry. See [FSS] from Canada, China & Mexico, 85 Fed. Reg. 16,129 (Int'l Trade Comm'n Mar. 20, 2020).

2020, ECF No. 42 (from Dkt. Ct. No. 20-00069). Plaintiff AISC therefore commences this action, reasoning that if the Court concludes that it has jurisdiction in Building Systems despite the request for binational panel review, it may do the same in this case. See Pl.'s Resp. at 1–3. Defendant's motion argues that the court lacks jurisdiction, and as explained above, Plaintiff does not disagree. BSM, for its part, argues that the case should be dismissed, not because a binational panel has been requested,[3] but because Plaintiff failed to timely invoke the jurisdiction of this court. See BSM's Resp. Br. at 2–3. In its reply brief, Defendant adds that not only does this Court lack jurisdiction over the Commerce determination at issue, but that it lacks the power to decide whether it has jurisdiction. See Def.'s Reply Supp. Mot. to Dismiss for Lack of Subject-Matter Jurisdiction at 3–10, Sept. 17, 2020, ECF No. 42 ("Def.'s Reply Br.").

## DISCUSSION

As a threshold matter the Defendant argues that the Court cannot decide the jurisdictional question at issue. See Def.'s Reply Br. at 5–6. Instead Defendant argues that this Court must await the NAFTA panel's decision as to whether a party

---

[3] BSM maintains its position in Building Systems, Ct. No. 20-00069, that the 19 U.S.C. § 1516a(g)(3)(A)(i) exception to preclusion from exercising jurisdiction, which applies where the request is not filed by a NAFTA party, would allow this Court to review the final determination. See BSM's Resp. Br. at 2–3. Because Corey received a margin of zero, BSM explains that Corey would not have standing to appeal Commerce's final determination under U.S. law, and thus its request could not be deemed a request for panel review by the United States. See id.

had standing under U.S. law to request a binational panel. See id.[4] Defendant alternatively argues that even if this Court may decide whether it has jurisdiction, that 19 U.S.C § 1516a(g) precludes the Court from exercising jurisdiction. See Def.'s Reply Br. at 9–10. For the following reasons, both of Defendant's arguments fail.

Defendant's argument that this Court lacks the power to decide its own jurisdiction fails as: (i) the statute envisions that the Court will decide jurisdictional disputes; and (ii) separation of powers prevents the Court from abdicating its role to decide this jurisdictional issue. See Bldg. Sys. de Mexico, S.A. de C.V. v. United States, 44 CIT __, __, Slip Op. 20-155 at 6–11 (Nov. 3, 2020) ("Building Systems"). As discussed more fully in Building Systems, one exception to the Court's jurisdiction explicitly references a scenario where a NAFTA binational panel might decide whether it lacked jurisdiction. See id. at 7–9. The existence of other exceptions

---

[4] In Building Systems, Ct. No. 20-00069, the defendant filed a motion to dismiss arguing that the statute precluded this Court from exercising jurisdiction and asking this Court to dismiss in light of the statutory provisions. See generally Def.'s Memo. Supp. Mot. to Dismiss for Lack of Subject-Matter Jurisdiction & Opp'n to Mot. to Stay, July 9, 2020, ECF No. 31 (from Dkt. Ct. No. 20-00069). Subsequently amicus curiae, the Government of Canada, argued that not only did this Court lack jurisdiction, it also lacked the power to address the jurisdictional question. See Gov't of Canada's Amicus Curiae Br. Supp. Def.'s Mot. to Dismiss at 1–17, July 10, 2020, ECF No. 36-1 (from Dkt. Ct. No. 20-00069). Plaintiff in that case argued that the Court, not a NAFTA binational panel, was the proper body to determine whether the party that requested the binational panel had standing to do so. See Pl.'s Resp. Opp'n Mot. to Dismiss at 1–15, Aug. 13, 2020, ECF No. 42 (from Dkt. Ct. No. 20-00069). The defendant in its reply then echoed the amicus' argument that the Court could not consider its own jurisdiction. See Def.'s Reply Supp. Mot. to Dismiss for Lack of Subject-Matter Jurisdiction at 2–7, Sept. 17, 2020, ECF No. 48 (from Dkt. Ct. No. 20-00069). Here, the Defendant also moved to dismiss the case for lack of jurisdiction and subsequently added in its reply that the Court lacked the power to determine its own jurisdiction. See Def.'s Reply Br. at 3–10.

implies that the Court would also be called upon to assess its own jurisdiction. See id. Moreover, the Court must be mindful of its constitutional role in our system of government. See id. at 9–10. The Court cannot abdicate its role to interpret the contours of Congressional action even where that action involves diverting the Court's jurisdiction.[5] See id.

The statutory scheme indicates that this Court has jurisdiction to hear this dispute. Although Congress gives the U.S. Court of International Trade exclusive jurisdiction over antidumping determinations, it has excluded certain antidumping determinations involving merchandise from NAFTA countries. In relevant part, 28 U.S.C. § 1581(c) (2018) vests the court with exclusive jurisdiction over any civil action commenced under section 516A of the Tariff Act of 1930, as amended 19 U.S.C. § 1516a. Under 19 U.S.C. § 1516a(a)(2)(B)(i) the court may review "[f]inal affirmative determinations by the administering authority and by the Commission under [19 U.S.C. §§ 1671d or 1673d], including any negative part of such a determination (other

---

[5] As discussed in Building Systems, this case does not involve a challenge to the constitutionality of a NAFTA binational panel. See Building Systems, 44 CIT at __, Slip Op. 20-155 at 9 n. 9. Section 1516a(g)(4) provides that an action challenging the constitutionality of binational panels "may be brought only in the United States Court of Appeals for the District of Columbia Circuit[.]" 19 U.S.C. § 1516a(g)(4)(A). Nor does this case involve a challenge that would be decided by a three-judge panel of this Court. Pursuant to 19 U.S.C. § 1516a(g)(4)(B) all constitutional issues that may arise under any law—apart from challenges to the constitutionality of binational panels themselves as covered by 19 U.S.C. § 1516a(g)(4)(A)—must be heard by a three-judge panel of the U.S. Court of International Trade.

than a part referred to in clause (ii)).”⁶ However, 19 U.S.C. § 1516a(g) provides that if a party seeks binational review of "a determination . . . described in [19 U.S.C. § 1516a(a)(2)(B)(i)–(iii), (vi)–(vii)] . . . the determination is not reviewable under [19 U.S.C. § 1516a(a).]” 19 U.S.C. § 1516a(g)(1)(B), (2)(A). Nonetheless, 19 U.S.C. § 1516a(g)(3) enumerates certain exceptions,⁷ and permits judicial review of "a

---

⁶ 19 U.S.C. § 1516a(a)(2)(B)(ii) provides for review of
> [a] final negative determination by the administering authority or the Commission under section [19 U.S.C. §§ 1671d or 1673d], including, at the option of the appellant, any part of a final affirmative determination which specifically excludes any company or product.

⁷ 19 U.S.C. § 1516a(g)(3) Exception to exclusive binational panel review.

(A) In general. A determination is reviewable under subsection (a) if the determination sought to be reviewed is--

(i) a determination as to which neither the United States nor the relevant FTA country requested review by a binational panel pursuant to article 1904 of the NAFTA or of the Agreement,

(ii) a revised determination issued as a direct result of judicial review, commenced pursuant to subsection (a), if neither the United States nor the relevant FTA country requested review of the original determination,

(iii) a determination issued as a direct result of judicial review that was commenced pursuant to subsection (a) prior to the entry into force of the NAFTA or of the Agreement,

(iv) a determination which a binational panel has determined is not reviewable by the binational panel,

(v) a determination as to which binational panel review has terminated pursuant to paragraph 12 of article 1905 of the NAFTA, or

(vi) a determination as to which extraordinary challenge committee review has terminated pursuant to paragraph 12 of article 1905 of the NAFTA.

determination as to which neither the United States nor the relevant [free trade area ("FTA")] country requested review[.]" Id. at § 1516a(g)(3)(A)(i).

The statute also establishes a mechanism for private parties to seek binational review of Commerce's final determination in NAFTA cases. Namely, 19 U.S.C. § 3434(c) provides, in pertinent part, that

> a person, within the meaning of paragraph 5 of article 1904, may request a binational panel review of such determination by filing such a request with the United States Secretary . . . [and] [t]he receipt of such request by the United States Secretary shall be deemed to be a request for binational panel review within the meaning of article 1904.

19 U.S.C. § 3434(c). Under article 1904(5) of the NAFTA

> [a]n involved Party on its own initiative may request review of a final determination by a panel and shall, on request of a person who would otherwise be entitled under the law of the importing Party to commence domestic procedures for judicial review of that final determination, request such review.

[NAFTA] art. 1904(5), U.S.-Can.-Mex., Dec. 17, 1992, 32 I.L.M. 289, 683 (1993).

In the United States, a private person who would "otherwise be entitled under the law of the importing Party to commence domestic procedures for judicial review" is a person who has standing. Standing is a threshold matter in which the court ensures that the plaintiff's complaint meets the requirements of Article III of the Constitution. McKinney v. U.S. Dept. of Treasury, 799 F.2d 1544, 1549 (Fed. Cir. 1986); see also Warth v. Seldin, 422 U.S. 490, 517–18 (1975) ("[t]he rules of standing . . . are threshold determinants of the propriety of judicial intervention."). The Constitution constrains the federal courts' jurisdiction to cases which involve "actual cases or controversies," and standing constitutes part of this limitation. Simon v. E.

Ky. Welfare Rights Org., 426 U.S. 26, 37 (1976) ("No principle is more fundamental to the judiciary's proper role in our system of government than the constitutional limitation of federal-court jurisdiction to actual cases or controversies."); see U.S. Const. art. III, § 2, cl. 1. "[T]he core component of standing is an essential and unchanging part of the case-or-controversy requirement of Article III." See Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992). To establish standing, a plaintiff must satisfy three elements. First, it must have suffered an "injury in fact," that is, "an invasion of a legally protected interest" that is "concrete and particularized" and "actual or imminent, not 'conjectural' or 'hypothetical[.]'" Id. at 560 (citations omitted). Second, a causal connection must exist between the injury and the conduct complained of. Id. Third, the plaintiff must show a likelihood that the injury can be redressed by a favorable court decision. Id. at 561.

Here, Corey's request for NAFTA binational review of the Final Results cannot be deemed filed by the United States because, under U.S. law, Corey would not have standing to challenge the Final Results. Corey received a weighted-average dumping margin of 0.00 percent. See Final Results, 85 Fed. Reg. at 5,392. Under U.S. law, Corey's 0.00 percent margin, without more, is insufficient to demonstrate an injury in fact—the first of three requirements for standing. See, e.g., PAO Severstal v. United States, 41 CIT __, __, 219 F. Supp. 3d 1411, 1414 (2017) ("PAO") (holding a prevailing party lacks standing to sue); Zhanjiang Guolian Aquatic Prods. Co. v. United States, 38 CIT __, __, 991 F. Supp. 2d 1339, 1342 (2014) (citing Royal Thai

Gov't v. United States, 38 CIT \_\_, \_\_, 978 F. Supp. 2d 1330, 1333 (2014)); Jubail Energy Servs. Co. v. United States, 39 CIT \_\_, \_\_, 125 F. Supp. 3d 1352, 1356 (2015) (respondent receiving favorable outcome in antidumping determination lacks standing); Rose Bearings Ltd. v. United States, 14 CIT 801, 802–03, 751 F. Supp. 1545, 1546–47 (1990) (where, inter alia, the complaining party did not have to pay an antidumping duty, there is no case or controversy); but see Oman Fasteners, LLC. v. United States, 43 CIT \_\_, Slip Op. 19-108 at 14–21 (Aug. 8, 2019) ("Oman") (finding a plaintiff had standing to challenge a final determination, despite being assigned a zero rate, where the plaintiff alleges that the outcome of a separate, pending appeal of that same determination, in which it was a defendant-intervenor thus unable to raise its own claim, could result in it being assigned a rate on remand).[8] As all three criteria must be satisfied for a party to have standing, the court does not need to consider the other two requirements. Moreover, since Corey is the only party to this dispute that requested a binational panel, see generally NAFTA Req., and since it did not have standing to do so, no party who would "otherwise be entitled under the law of the importing Party to commence domestic procedures for judicial review" requested a binational panel.[9] As explained in Building Systems, Congress provided for the NAFTA binational panels to serve as an alternate forum and did not expand

---

[8] In this case, as in Oman, the petitioners in the investigation have challenged Commerce's determination and Corey (the prevailing party) is a defendant-intervenor. See Corey's Resp. Br. BSM argues that petitioners' filing is beyond the time allowed by statute to commence an action. See BSM's Resp. Br. at 2-3.

[9] No party to this dispute alleges that anyone other than Corey has filed a request for a NAFTA binational panel.

the rights of the litigants. See Building Systems, 44 CIT at __, Slip Op. 20-155 at 3 n. 2, 16 (noting a prevailing party could not invoke the Court's jurisdiction but could act as a defendant-intervenor if another party challenged the Commerce determination). As such, 19 U.S.C. § 1516a(g) does not preclude the court from exercising jurisdiction over AISC's complaint. See Building Systems, 44 CIT at __, Slip Op. 20-155 at 15–16.

Nonetheless, BSM argues that, pursuant to the timing requirements set forth in 19 U.S.C. § 1516a(a)(5) for cases involving free trade area merchandise, Plaintiff's challenge is untimely.[10] See BSM's Resp. Br. at 3. However, "procedural rules, including time bars, cabin a court's power only if Congress has 'clearly stated' as much." United States v. Kwai Fun Wong, 575 U.S. 402, 409 (2015) (citations omitted) ("Kwai Fun Wong"). Under Kwai Fun Wong, the time requirements of 19 U.S.C. § 1516a(a) are not jurisdictional. See Icdas Celik Enerji Tersane ve Ulasim Sanayi, A.S. v. United States, 39 CIT __, __, 106 F. Supp. 3d 1328, 1335–37 (2015) (citing, inter alia, Kwai Fun Wong, 575 U.S. at 406–20). As the time requirements of

---

[10] 19 U.S.C. § 1516a(a)(5). Time limits in cases involving merchandise from free trade area countries.

> Notwithstanding any other provision of this subsection, in the case of a determination to which the provisions of subsection (g) apply, an action under this subsection may not be commenced, and the time limits for commencing an action under this subsection shall not begin to run, until the day specified in whichever of the following subparagraphs applies:

> (A) For a determination described in paragraph (1)(B) or clause (i), (ii) or (iii) of paragraph (2)(B), the 31st day after the date on which notice of the determination is published in the Federal Register.

§ 1516a(a) are not jurisdictional and because no party in this action moves to dismiss it as untimely, see Def.'s Reply Br. at 2 n.1, the court declines to consider timeliness as a basis for granting or denying Defendant's motion to dismiss.

## CONCLUSION

For the foregoing reasons, it is

**ORDERED** that Defendant's motion to dismiss for lack of subject matter jurisdiction is denied.

    /s/ Claire R. Kelly
Claire R. Kelly, Judge

Dated:	November 3, 2020
	New York, New York